1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN GILBERT,                          No.  2:22-cv-01774-AC

12              Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14    CHACKO AREECHIRAYIL THOMAS; T
      & T INVESTMENT GROUP, INC dba
15    CHEVRON aka EMIL'S LIQUOR &
      SPORTSHOP,
16
               Defendants.
17

18

19         This action was assigned to the undersigned pursuant to the court's automatic case

20    assignment plan.  See Local Rules, Appendix A, Subsection (m).  Plaintiff has filed a motion for

21    default judgment.  ECF No. 13.  This motion is before the undersigned pursuant to E.D. Cal. R.

22    302(c)(19).  The motion was set to be heard on the papers.  ECF No. 14.  Defendants did not file

23    an opposition or take any actions in this case.  For the reasons stated below, the court

24    recommends that plaintiff's motion be granted.

25                          **I.      Relevant Background**

26         As stated in his complaint (ECF No. 1), plaintiff is a person with physical disabilities,

27    including limited ability to walk; he requires the use of a wheelchair, knee scooter, or prosthetic.

28    ECF No. 1 at 2.  Defendants Chacko Areechirayil Thomas and T&T Investment Group, Inc. dba

                                          1

1  Chevron aka Emil's Liquor & Sport Shop (hereinafter collectively referred to as "Defendants")

2  are alleged to be real property owners, operators, and/or lessors of the building/parcel located at

3  1405 California Street, Escalon, California 95320 ("the Property").  Id. at 1.  Plaintiff asserts that

4  the Property contains a gas station and a business called Emil's Liquor & Sports Shop, which is a

5  facility open to the public, a place of public accommodation for nonresidential use, and a business

6  establishment.  Id.  There is a parking lot on the Property.  Id. at 3.

7       Plaintiff is a California resident who lives within fifteen miles of the Property and visited

8  the Property on or about June 8, 2022, to purchase gasoline for his vehicle.  Id. at 2.  During the

9  visit plaintiff alleges he encountered many accessibility problems.  Id. at 3.  In particular, the

10  threshold at the shop entrance was too high, making it difficult for plaintiff to step over using his

11  prosthetic leg.  Id.  Second, merchandise aisles lacked sufficient clear width, which made it hard

12  for plaintiff to make his way around the store.  Plaintiff knows that he cannot return to the

13  Property using his wheelchair because the aisles are too narrow for his wheelchair to fit through.

14  Id.  Third, the interior of the restroom lacked sufficient clearances, making it hard for plaintiff to

15  maneuver about inside and use the fixtures and accessories.  Plaintiff knows that if he returns to

16  the Property in the future using his wheelchair, he will not be able to use the restroom due to the

17  lack of sufficient clear space.  Id.  Finally, plaintiff observed that the access aisle next to the

18  designated accessible parking stall was too narrow to be van-accessible.  He knows that if he

19  returns while using his wheelchair he would not be able to deploy his wheelchair ramp which he

20  requires to unload his wheelchair from his van.  Id.  Further, the designated accessible parking

21  stall was located directly in front of the store entrance, and plaintiff knows that if his vehicle or

22  any other vehicle was parked in the designated accessible parking stall, it would obstruct the route

23  of travel to the store entrance which would make it difficult or impossible for plaintiff to make his

24  way to the entrance using his wheelchair.  Id.  Plaintiff was, and continues to be, deterred from

25  visiting the Property because of his awareness that the goods, services, facilities, privileges,

26  advantages, and accommodations were and are unavailable to him due to his physical disabilities.

27  Id.  Plaintiff enjoys the goods and services offered at the Property, and will return to the Property

28  once the barriers are removed.  Id.  at 4.

1      On October 6, 2022, plaintiff filed this action alleging violations of the Americans with

2  Disabilities Act, 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51-

3  53, and violations of California Health and Safety Code § 19955(a).  ECF No. 1.  The summons

4  and complaint were timely served on defendants.  ECF Nos. 5, 6.  The clerk entered default as to

5  all defendants.  ECF Nos. 10, 11.  On March 15, 2023, plaintiff moved for default judgment.

6  ECF No. 13.  The motion for default judgment was served on all defendants.  ECF No. 13-7.

7  Defendants did not appear to oppose the motion, and have not otherwise appeared or taken any

8  action in this case.

9                                    **II.    Motion**

10     Plaintiff moves for default judgment on all claims seeks injunctive relief, statutory

11  damages, attorneys' fees, litigation expenses, and costs.  ECF No. 13-1 at 2.

12                                    **III.    Analysis**

13    A.  Legal Standard

14     Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a

15  judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.

16  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the

17  plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d

18  1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986));

19  see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to

20  grant or deny an application for default judgment lies within the district court's sound discretion.

21  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court

22  may consider the following factors:

23         the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
           substantive claim, (3) the sufficiency of the complaint, (4) the sum
24         of money at stake in the action, (5) the possibility of a dispute
           concerning material facts, (6) whether the default was due to
25         excusable neglect, and (7) the strong policy underlying the Federal
           Rules of Civil Procedure favoring decisions on the merits.
26

27  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Default judgments are ordinarily

28  disfavored.  Id. at 1472.

1      As a general rule, once default is entered, well-pleaded factual allegations in the operative

2    complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc.

3    v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

4    Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs,

5    285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are

6    admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and

7    claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N.

8    Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th

9    Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

10   defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law")

11   (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D.

12   Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

13      B.  The Eitel Factors

14          a.  Factor One: Possibility of Prejudice to Plaintiff

15      The first Eitel factor considers whether the plaintiff would suffer prejudice if default

16   judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a

17   default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would suffer

18   prejudice if the court did not enter a default judgment.  Absent entry of a default judgment,

19   plaintiff would be without recourse for recovery.  Accordingly, the first Eitel factor favors the

20   entry of default judgment.

21          b.  Factors Two and Three: Merits of Claims and Sufficiency of Complaint

22      The merits of plaintiff's substantive claims and the sufficiency of the complaint are

23   considered here together because of the relatedness of the two inquiries.  The court must consider

24   whether the allegations in the complaint are sufficient to state a claim that supports the relief

25   sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.  Here, the merits

26   of the claims and sufficiency of the complaint favor entry of default judgment.

27      Plaintiff brings three causes of action: violations of the Americans with Disabilities Act,

28   42 U.S.C. § 12101, et seq. ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code § 51-53

("UCR"), and Cal. Health & Safety Code § 19955(a).  The merits of each of these claims are assessed below.

### 1.  ADA Claim

"Title III of the ADA prohibits discrimination in public accommodations...." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015).  The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability.  42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010).  Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff has adequately alleged that he is disabled within the meaning of the ADA and that defendants are operating a place of public accommodation.  ECF No. 1 at 2.  Plaintiff alleges the Property was constructed after January 26, 1993 – independently triggering access requirements under Title III of the ADA.  Id. at 6.  The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).  Id.  Plaintiff alleges that the Property was not made accessible, despite the fact that it was structurally practicable to make it accessible, because the aisles were arranged in an inaccessible manner, there was a high threshold at the entry of the store, the restroom lacked sufficient clearances, and the parking was not van accessible.  Id. at 3.  The merits of plaintiff's case thus favor entry of default judgment.

### 2.  The Unruh Act

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).  In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51.  Cal. Civ. Code § 52(a).  Section 52(a) provides for statutory

1    damages of no less than $4,000 for each violation, and attorney's fees.  Id.

2        Because plaintiff has shown that defendants are in violation of Title III of the ADA, he

3    has also shown that defendants are in violation of the Unruh Civil Rights Act.  Lentini v.

4    California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the

5    ADA is, per se, a violation of the Unruh Act").  Plaintiff is therefore entitled to a default

6    judgment on this claim.

7                    3.  *California Health and Safety Code § 19955(a)*

8        Plaintiff's complaint alleges a claim under Cal. Health & Safety Code § 19955(a), a

9    California law requiring public accommodations to guarantee access to physically handicapped

10   persons.  ECF No. 1 at 1.  This claim is not analyzed here because plaintiff did not properly move

11   for default judgment as to this claim – it is not addressed in the motion.  ECF No. 13-1; See

12   Design Collection, Inc. v. Body Shop of Am, Inc., No. CV 13-9000 FMO (SHX), 2014 WL

13   12616611, at *1 (C.D. Cal. Mar. 19, 2014) (a motion for default judgment should include, inter

14   alia, "the legal authority that sets out the elements of the causes of action upon which plaintiff

15   seeks default judgment"); See also, United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010)

16   ("Arguments made in passing and not supported by citations to the record or to case authority are

17   generally deemed waived.").

18                c.   Factor Four: The Sum of Money at Stake in the Action

19       Under this Eitel factor, "the court must consider the amount of money at stake in relation

20   to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1176–77.  Plaintiff

21   seeks $4,000.00 in statutory damages, and $2,722.28 in attorney's fees and costs.  ECF No. 13-1

22   at 9.  The complaint offers no information about the defendants' financial condition, so the court

23   cannot tell if this is a significant amount of money to defendants.  However, there is no evidence

24   that defendants took any action after being served with the summons and complaint in order to

25   avoid a judgment of this size.  This factor accordingly weighs in favor of a default judgment.

26                d.   Factor Five: Possibility of Dispute Concerning Material Facts

27       The facts of this case are relatively straightforward, and plaintiff has provided the court

28   with well-pleaded allegations supporting its claims and affidavits in support of its allegations.

1    Here, the court may assume the truth of well-pleaded facts in the complaint (except as to

2    damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine

3    issue of material fact exists.  See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393

4    (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the

5    court clerk enters default judgment, there is no likelihood that any genuine issue of material fact

6    exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at

7    1177.

8              e.    Factor Six: Whether Default Was Due to Excusable Neglect

9         Upon review of the record before the court, there is no indication that the default was the

10   result of excusable neglect.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Plaintiff served the

11   defendants with the summons and complaint. ECF Nos. 5, 6.  Moreover, plaintiff served

12   defendants by mail with notice of its application for default judgment.  ECF No. 13-7.  Despite

13   ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed

14   to defend themselves in this action.  Thus, the record supports a conclusion that the defendants

15   have chosen not to defend this action, and not that the default resulted from any excusable

16   neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

17             f.    Factor Seven: Policy Favoring Decisions on the Merits

18        "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

19   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

20   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

21   PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.

22   Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

23   favoring decisions on the merits-and consistent with existing policy would prefer that this case be

24   resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

25        Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the

26   entry of default judgment against defendants and makes a recommendation to that effect.  What

27   remains is the determination of the amount of damages to which plaintiff is entitled.

28   ////

7

C.  Terms of Judgment

Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

1.  *Attorney's Fees*

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium).  The hourly rate is generally calculated "according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).  It is also the general rule that the court will use the rates of attorneys practicing in the forum district.  Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $300 for 4.3 hours of work, plus paralegal fees at an hourly rate of $115 for 5.4 hours of work, totaling $2,722.28.  ECF No. 13-1 at 9.  Plaintiff cites prior case law from this district using these rates specifically for herself and for her experienced paralegals.  Block v. Starbucks Corp., No. 1:15-cv-00991-DAD-CKD, 2018 WL 4352906, at *7 (E.D. Cal. Sept. 11, 2018); Vickers v. Vallejo Furniture Galleries, Inc., No. 2:20-cv-00068-JAM-AC, 2020 U.S. Dist. LEXIS 81759 (E.D. Cal. May 8, 2020).  Based on this case law, the affidavits presented and the detailed billing statement (ECF No. 13-3), the undersigned also finds these rates and hours to be reasonable.

Plaintiff also seeks $811.28 in costs and litigation expenses.  ECF No. 13-1 at 9.  Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA.  See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002).  The costs here include expenses for the court filing fee, costs of service, and pre-filing investigation, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058.  ECF No. 13-1 at 9.  Plaintiff's request for costs in the amount of $811.28 for litigation costs and expenses is appropriate.

8

1    Accordingly, the undersigned will recommend that plaintiff be awarded a total of

2    $2,722.28 for attorneys' fees and costs.

3                    *2.   Statutory Damages*

4    The Unruh Civil Rights Act provides for, among other things, minimum statutory

5    damages of $4,000 per violation.  Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d

6    1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of

7    three times the actual damages but no less than $4,000 for each instance of discrimination").

8    Plaintiff asserts that he is entitled to $4,000.00, in statutory damages pursuant to the Cal. Civ.

9    Code § 52(a).  ECF No. 13-1 at 7.  Plaintiff has sufficiently alleged facts indicating that he visited

10   the Property on one occasion and encountered barriers that interfered with his ability to use and

11   enjoy the goods, services, privileges, and accommodations offered each time.  ECF No. 21.  Thus,

12   plaintiff is entitled to $4,000 in statutory damages.  Guedoir, 218 F. Supp. 3d at 1103.

13                   *3.   Injunctive Relief*

14   Plaintiff's complaint seeks an injunction requiring defendants to make changes and

15   accommodations at the subject facility in a manner that achieves compliance with federal and

16   state regulations.  ECF No. 13-1 at 7.  As the factual allegations in the complaint are taken as true,

17   plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law.  See

18   Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III

19   of the ADA—only injunctive relief is available for violations of Title III.").

20                   **IV.    Conclusion**

21   The Clerk of Court is DIRECTED to assign a District Judge to this case.  For the reasons

22   explained above, it is hereby RECOMMENDED THAT:

23       1.  Plaintiff's March 15, 2023, motion for default judgment (ECF No. 13) be GRANTED;

24       2.  The court enter judgment against the defendants on the complaint's claims in the

25   amount of $6,722.28 (comprising $4,000 in statutory damages and $2,722.28 in attorney's fees

26   and costs);

27   ////

28   ////

9

1    3.  Defendants make changes and accommodations at the subject at the Property located at

2    or about 1405 California Street, Escalon, California 95320, in compliance with the Americans

3    with Disabilities Act Accessibility Guidelines.

4    4.  This case be closed.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

9    document should be captioned "Objections to Magistrate Judge's Findings and

10   Recommendations."  Any response to the objections shall be filed with the court and served on all

11   parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

12   objections within the specified time may waive the right to appeal the District Court's order.

13   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24,

14   1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15   DATED: May 8, 2023

16   _____
     ALLISON CLAIRE

17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28